FILED
08/21/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 18, 2018 Session

## NEAS WELDING & STEEL FABRICATING, INC. v. PATRICIA NEAS

**Appeal from the Circuit Court for Greene County**
**No. CC17CV94     Alex E. Pearson, Judge**

_____

### No. E2017-02512-COA-R3-CV

_____

This appeal involves a corporation's debt collection action. The corporation, a steel welding and fabricating company, was previously owned jointly by husband and wife. After nearly thirty years of marriage, husband filed for divorce, after which he was awarded sole ownership of the company. Following the divorce, the corporation brought a separate suit in a different court against the former wife for money she had taken from the company and which the divorce court had determined was a debt she owed to the company. The former wife argued the debt was for rent money the company owed to her. Following a bench trial, the trial court determined that the money was a debt that the former wife owed to the corporation. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Lauren Armstrong Carroll, Morristown, Tennessee, for the appellant, Patricia Neas.

Jerry W. Laughlin, Greeneville, Tennessee, for the appellee, NEAS Welding & Steel Fabricating Inc.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Kim Neas ("Husband") and Patricia Neas ("Wife") married in 1985. During the marriage, both parties jointly owned a business, Neas Welding & Steel Fabricating, Inc.—the Plaintiff/Appellee in this case ("Plaintiff")—which Husband operated and for which Wife worked as a bookkeeper. Wife filed for divorce against Husband in 2011 but

voluntarily dismissed the suit. In October 2012, Wife withdrew $12,000 from Plaintiff's business account. In March 2013, after nearly 30 years of marriage, Husband filed for divorce against Wife in the Chancery Court of Greene County. The Chancery Court entered its final decree of divorce in October 2014, assigning approximately 99% of the marital debt to Husband, as well as listing the $12,000 removed by Wife as "Wife's Debt to Neas Welding & Fabrication" in that amount.[1] Although it listed the $12,000 as Wife's debt, the divorce decree held Husband responsible for such amount.

Husband appealed the Chancery Court's final decree of divorce to this Court, arguing that the Chancery Court erred in imposing upon him 99% of the marital liabilities and specifically requesting that Wife be held solely responsible for the $12,000 she withdrew from Plaintiff's account. Neither Husband nor Wife appealed the Chancery Court's classification of the $12,000 withdrawn by Wife as a marital debt. This Court agreed with Husband regarding his first contention, noting that the Chancery Court's allocation of the marital debt was "hugely favorable to Wife," effectively changing a 55/45 division "to something more akin to 60/40 in Wife's favor." Accordingly, this Court modified the marital debt allocation, assigning 55% to Husband and 45% to Wife and remanded the case to the trial court for a reallocation of the marital debt.

On remand, the Chancery Court modified the marital debt allocation in accordance with this Court's decision and entered its order in June 2016. In doing so, it adopted Husband's "Proposed Division of Liabilities Per Decision by Court of Appeals," effectively reclassifying the $12,000 as a debt owed by Wife rather than Husband. Wife then filed a motion to stay the entry of this order, but the Chancery Court found such motion to be moot because the order "had already been entered." The Chancery Court then closed the underlying case, stating that its order fully complied with the mandate in this Court's decision

On March 2, 2017, Plaintiff—Neas Welding & Steel Fabricating, Inc.—filed suit against Wife in the Circuit Court of Greene County, alleging that Wife failed to repay the $12,000 debt owed to the corporation. Wife answered on March 23, 2017, arguing that the $12,000 "was never properly classified" as a debt to Plaintiff and that, regardless of its classification, the money "was instead rent money" owed to her.

Thereafter, Wife filed a motion to dismiss, arguing Plaintiff failed to produce any documentation supporting its claim that Wife owed Plaintiff $12,000. Wife also maintained that, for the 2010 and 2011 years, Plaintiff filed 1099 tax documents showing it paid Wife rental income of $6,000 each year but that Wife had never received this rent money for those two years. In its response to Wife's motion, Plaintiff pointed to the Chancery Court's final order in the divorce between Husband and Wife in which the

---

[1] The Chancery Court's decree also awarded Husband the assets and liabilities of Neas Welding & Steel Fabricating, Inc., effectively granting him sole ownership of the business.

court had determined that the $12,000 was owed to Plaintiff and that repayment of such amount was imposed upon the Wife. Plaintiff also alluded to Wife's statements in her response to Husband's motion for contempt in the underlying divorce case, where she contended that she withdrew the $12,000 from Plaintiff's bank account "in order to prevent dissipation of marital assets" by Husband and for "safekeeping" purposes.

The Circuit Court did not rule on Wife's motion to dismiss, but it held an evidentiary hearing on November 3, 2017. Afterwards, the court issued an order incorporating the judge's oral findings and entered a judgment against Wife for the $12,000, concluding that such amount was not rent owed to Wife, but rather a debt owed to Plaintiff. Wife timely appealed to this Court.

## ISSUES PRESENTED

As we perceive it, that there are two dispositive issues presented for our review which we restate as follows:

1. Whether the Circuit Court erred in failing to dismiss the case.

2. Whether the Circuit Court erred in finding the $12,000 to be a debt owed to Plaintiff by Wife, rather than rent owed to Wife by Plaintiff.

## STANDARD OF REVIEW

In an appeal from a bench trial, we review findings of fact "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). However, we review questions of law de novo with no presumption of correctness. *See Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

## DISCUSSION

Wife argues that the principles of collateral estoppel should have precluded the Circuit Court from hearing the case. Collateral estoppel is a "judicially created issue preclusion doctrine that promotes finality, conserves judicial resources, and prevents inconsistent decisions." *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009) (internal citations omitted) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001); *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000)). The party asserting collateral estoppel has the burden of proof and must establish five elements: (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding; (3) that the judgment in the earlier proceeding has become final; (4) that the party against whom collateral estoppel is

asserted was a party or is in privity with a party to the earlier proceeding; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded. *Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102 (Tenn. 2016) (citing *Mullins*, 294 S.W.3d at 535). Wife fails to establish the fourth element.

At the crux of Wife's argument is the improper union of Husband—Mr. Neas himself—and Neas Welding & Steel Fabricating, Inc. At trial, Wife asserted that Husband, under the guise of Plaintiff, brought this suit in the Circuit Court to obtain the same judgment against Wife he had received in the divorce case in the Chancery Court. Specifically, Wife argued that "Chancery Court should be dealing with all of this . . . . [Husband is] the party who's been provided . . . the right to recoup that debt. He should have filed something in Chancery Court." Both of these contentions are unfounded. Pursuant to one of the fundamental tenets of corporate law, Plaintiff is an entity separate and apart from Husband; that is, in the eyes of the law, Plaintiff is its own legal person. *See* Tenn. Code Ann. § 1-3-105(19) (defining "person" to include "a corporation, firm, company or association."); *Schlater v. Haynie*, 833 S.W.2d 919, 924 (Tenn. Ct. App. 1991) ("A corporation is a person separate and apart from the persons who own the stock. . . ."). Accordingly, Plaintiff was not a party to the divorce case between Husband and Wife in the Chancery Court.

In the same vein, the Chancery Court's final judgment in the divorce case between Husband and Wife provided Plaintiff no legal method of collecting the $12,000 debt owed to it by Wife. Wife argues here that Husband, rather than Plaintiff, is seeking "the same judgment." However, as discussed above, just as Husband is not a party to this current action, Plaintiff was not a party to the divorce action in the Chancery Court. Thus, in order for Plaintiff to collect the $12,000 debt the Chancery Court determined Wife owed to it—if Wife failed to pay it voluntarily—Plaintiff had to bring its own action against Wife. Because collateral estoppel does not apply under the particular facts of this case, the Circuit Court did not commit any error in hearing and deciding this case on the merits.

We next consider Wife's argument that the Circuit Court erred in finding the $12,000 to be a debt owed to Plaintiff by her, rather than rent owed to her by Plaintiff. Wife avers that the annual rental payments were not, as the Circuit Court held, mere accounting transactions. After our review and consideration of the record of the Circuit Court, we find that the evidence does not preponderate against the Circuit Court's finding that the $12,000 was in fact a debt owed to Plaintiff by Wife.

At trial, two certified public accountants of Plaintiff, Kevin Ewers and Frieda Knight, and Plaintiff's bookkeeper, Ashley Bradley, testified to the transactional relationship between Husband, Wife, and Plaintiff. In his testimony, Mr. Ewers stated that, because Husband and Wife owned the building out of which Plaintiff operated its

business, Plaintiff would pay rent to Husband and Wife. Mr. Ewers also testified that, because Husband and Wife would use Plaintiff's money to fund their personal expenses and purchases, Plaintiff maintained a receivables account to record such transactions. At the end of the year, Plaintiff would offset the amount in the receivables account with the rent payments owed to Husband and Wife.

Wife argues that had Plaintiff maintained an account for accrued rent owed to Husband and Wife, the accrued rent amount would have effectively offset Wife's $12,000 withdrawal. This contention, however, is incompatible with the testimony of the trial witnesses. Ms. Knight testified that she did not consider the $12,000 withdrawn by Wife to be rent owed to her, but rather a liability that was to be paid back by Wife. Similarly, Ms. Bradley's testimony indicated that Plaintiff did not issue a rent check to Husband or Wife for the 2010 and 2011 years because the amount in the receivables account reflected that "[Husband and Wife] had already got the money" in the sense that each had already used Plaintiff's funds to pay their personal expenses and purchases during those years.

Moreover, Wife's argument on appeal is inconsistent with her response to Husband's motion for contempt in the underlying divorce case in the Chancery Court. There, Wife stated she removed the $12,000 from Plaintiff's account not because it was rent owed to her, but rather "to prevent further dissipation of marital assets by Husband and/or further contemptuous actions by Husband." Wife contends that this statement "was contained in the original divorce filed by [Wife] against [Husband] that was subsequently non-suited" and "was not part of the divorce filed later by [Husband]." We, however, can find no legal basis for this argument. Although such evidence stemmed from a previous divorce case that was subsequently non-suited, nothing precludes Wife's former statement from being introduced in the current case.

As a result, we find that the evidence does not preponderate against the Circuit Court's finding that the $12,000 was in fact a debt owed to Plaintiff by Wife.

## CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

_____
ARNOLD B. GOLDIN, JUDGE